UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARK BINEGAR,

Plaintiff,

v.

CONNIE BISBEE, *et al.*,

Defendants.

Case No. 3:16-cv-00045-MMD-WGC

SCREENING ORDER

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1-1, 1.) The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I. SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United

States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

///

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

Plaintiff sues members of the Nevada Parole Board, including: Connie Bisbee, Ed Gray, Lucille Monterde, Michael Keeler, Susan Jackson, and Darla Foley. (ECF No. 1-1 at 2-3.) Plaintiff alleges two counts and seeks declaratory and injunctive relief. (*Id*. at 5-12, 16.)

Plaintiff alleges the following in his complaint: Defendants Connie Bisbee, Ed Gray, Lucille Monterde, Michael Keeler, Susan Jackson, and Darla Foley discriminated against Plaintiff and denied him a fair and unbiased parole hearing. (*Id*. at 4.) Bisbee, as Chairman of the Nevada Parole Board, has a personal policy that causes undue discrimination against offenders she deems unworthy of parole. (*Id*. at 5.) The policies and training that Bisbee provides the other Parole Board members causes them to be systematically biased against any offender that Bisbee does not think should be

paroled. (*Id*.) These offenders are unjustly denied parole, without any evidence to support the decisions. (*Id*.) Defendants ignore the risk assessment guidelines and use their own separate guidelines as to how much time an inmate should serve. (*Id*. at 4.) Plaintiff's prison and criminal record indicate he would be a good candidate for parole. (*Id*. at 5.) However, Bisbee's policies caused Plaintiff to be denied parole based on the nature of his conviction for first degree murder. (*Id*.) Defendant Foley denied Plaintiff's request for reconsideration of his parole hearing. (*Id*. at 4.)

Further, prisoners similarly situated to Plaintiff, that being general population medium custody prisoners, are generally granted parole even when their prison and criminal record indicate they are not good candidates for parole. (*Id*. at 5-6.) Plaintiff alleges that he is being subjected to bias, discrimination, and denial of equal protection solely because of the crime he was convicted of (first degree murder) and due to a letter from the Clark County district attorney instructing the Parole Board to deny Plaintiff parole. (*Id*. at 6-8.) Plaintiff's mitigating factors outweigh his aggravating factors and the Parole Board makes arbitrary and unregulated decisions which deny Plaintiff the right to a fair and unbiased hearing. (*Id*. at 8, 10.)

Plaintiff has been denied parole since 2003. (*Id*. at 8.) At each parole hearing, Plaintiff was given benchmarks to complete. (*Id*.) Plaintiff has met these benchmarks and continues to be denied parole. (*Id*.) Plaintiff alleges that he should be paroled the same as any other inmate that has served the minimum sentence, has minimal criminal history, and is not a disciplinary problem in prison. (*Id*. at 10.) Instead, the Parole Board makes arbitrary and unregulated decisions which deny him his right to a fair hearing solely based on the nature of the crime he was convicted of and due to the letter from Clark County district attorney. (*Id*. at 8, 10-11.)

Plaintiff alleges that his rights to due process and equal protection have been violated. (*Id*. at 5, 8.)

The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek

federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). In *Wilkinson*, the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id*. at 81-82.

The Ninth Circuit has held that "a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). "This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits." *Id*. The Ninth Circuit has further found that prisoners' claims that are based on the "deceit and bias" on the part of the decision makers and on allegations that their prolonged incarcerations are due to the purported bias of state officials imply the invalidity of the prisoners' confinement. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir. 2004).

In this case, Plaintiff's claims challenge the allegedly improper procedural defects in the parole process and the purported bias of the parole board members. As such, Plaintiff's claims challenge the invalidity of his confinement and fail to state a § 1983 civil rights claim. The Court dismisses the complaint for failure to state a cognizable § 1983 claim, with prejudice, as amendment would be futile. However, Plaintiff may raise these allegations in a habeas corpus proceeding.

## III. CONCLUSION

For the foregoing reasons, it is ordered that the application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that the Clerk of the Court file the complaint (ECF No. 1-1).

It is further ordered that the complaint is dismissed in its entirety, with prejudice, as amendment would be futile, for failure to state a cognizable 42 U.S.C. § 1983 claim.

It is further ordered that the Clerk of the Court send Plaintiff two (2) copies of an *in forma pauperis* application form for a prisoner, one (1) copy of instructions for the same, two (2) copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one (1) copy of instructions for the same.

It is further ordered that Plaintiff may file a habeas corpus petition and *in forma pauperis* application in a new action, but he may not file any further documents in this action.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

It is further ordered that the Clerk of the Court enter judgment accordingly.

DATED THIS 4th day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE